MIGUEL F. CHIQUÉS MARTÍ, recurrente, *v.* EL REGISTRADOR DE
LA PROPIEDAD DE CAGUAS, recurrido.

No. 615.—*Sometido:* Abril 28, 1925. *Resuelto:* Julio 24, 1925.

1. GRAVÁMENES—GRAVÁMENES EXISTENTES EN EL REGISTRO—CANCELACIÓN—PARTE
   INTERESADA PARA SOLICITARLA.—El vendedor que, a virtud de un contrato
   de compraventa, se obliga a cancelar ciertos gravámenes existentes sobre la
   finca vendida, si bien no es *parte* dentro del significado de los artículos
   388 (*a*) y 388 (*b*) de la Ley Hipotecaria (Leyes de 1923, p. 37) es al menos
   el representante de la otra para solicitar la cancelación de dichos gravámenes.
2. CONTRATOS—INTERPRETACIÓN Y OPERACIÓN *(Operation)*—REGLAS GENERALES DE
   INTERPRETACIÓN—NATURALEZA DEL CONTRATO.—La naturaleza de un contrato
   debe determinarse por su sentido general y efecto obtenido de acuerdo con
   sus términos y cláusulas más que por el nombre que se dé a dicho documento.
3. GRAVÁMENES—GRAVÁMENES EXISTENTES EN EL REGISTRO—CANCELACIÓN—CEN-
   SOS—LEY QUE RIGE.—Una llamada hipoteca—en garantía de una capellanía—
   que tiene todas las características de un censo a diferencia de una hipoteca,
   es un gravamen cuya cancelación se rige por la Ley No. 12 de 1924 (p. 109)
   y no por el último párrafo del artículo 388 (*b*) de la Ley Hipotecaria.

NOTA de *L. Marqués*, R. (Caguas), denegando solicitud interesando
cancelación de gravámenes existentes. *Revocada en parte y en
parte confirmada.*

El recurrente y el recurrido comparecieron por escrito.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del
tribunal.

En un escrito debidamente firmado ante notario el Sr.
Miguel Chiqués manifestó que era el dueño de un condomi-
nio ascendente a ocho novenas partes indivisas de cierta
finca rústica, describiéndola, y que las inscripciones primera
y segunda, hechas en el registro de la propiedad en relación
con dicha finca, acreditaban que la misma estaba sujeta a
determinados gravámenes cuya cancelación se solicitaba de
acuerdo con los artículos 388 (A) párrafo (*c*) y 388 (B), pá-
rrafo final.

El registrador se negó a cumplir con la petición que de
tal modo se le hizo:

"porque el solicitante Don Miguel F. Chiqués Martí no es parte
según el Registro ni representante de parte por hallarse la finca
inscrita a favor de don Celestino Pérez y Fernández en cuanto a
ocho y media novenas partes indivisas, y a favor de don Miguel Chi-

qués Carrión en cuanto a la restante media novena parte, según exige la ley número doce aprobada en 29 de Agosto de 1923, y además en cuanto a la cancelación de la hipoteca en garantía de una capellanía, por ser éste uno de los gravámenes comprendidos en la Ley No. 12 aprobada en 25 de Junio de 1924.''

[1] El registrador admite que Chiqués era el dueño del condominio en cuestión en la fecha en que el documento arriba citado en primer término fué firmado, pero parece que antes de ser presentado en el registro se había otorgado e inscrito un contrato de compraventa de Chiqués a favor de Pérez.

Consta también que el documento citado en último término contenía la cláusula siguiente:

"*Segunda:* Del valor total de los tres cuerpos de bienes relacionados, que monta a la cantidad de treinta y tres mil novecientos un dollars, los enajenantes confiesan haber cobrado hoy, a entera satisfacción, de manos del adquirente don Celestino Pérez Fernández la cantidad de treinta y dos mil novecientos un dollars, quedando los restantes un mil dollars en poder del predicho comprador y a título de depósito voluntario por parte de los vendedores esposos Chiqués Torres para garantizar la obligación que prometen cumplir solemnemente, de cancelar totalmente en el Registro de la Propiedad de este Distrito la mención de fianza hipotecaria constituída por don Pascual Borrás a favor del Ayuntamiento de Caguas, para responder del manejo de fondos del depositario don Manuel Capetillo, y de la hipoteca otorgada por el mismo señor Borrás por cantidad de mil pesos macuquinos que reconoció como capellanía de Nuestra Señora de la Candelaria, quedando obligado don Celestino Pérez Fernández a restituir a don Miguel F. Chiqués a o sus legítimos sucesores esos mil dollars materia del depósito de que antes se habla, tan pronto como se compruebe legalmente la cancelación de los referidos gravámenes.''

Los artículos 388 (A) y 388 (B) de la Ley Hipotecaria, siendo éstos los 1 y 2 de la ley aprobada en agosto 29 de 1923, Leyes de ese año, Sesión Especial, página 36, en tanto son pertinentes a la cuestión que aquí se levanta, prescriben lo siguiente:

"Sección 1.—Los registradores de la propiedad a instancia escrita de parte o de su representante, autenticada ante notario, procederán a cancelar en el respectivo registro:

"(*a*) Las menciones de hipotecas, de censos y de otros derechos para el pago de dinero o precio aplazado de la compraventa de inmuebles, ya consten en los antiguos y modernos libros del registro si hubieren transcurrido más de veinte (20) años desde que se verificó la respectiva mención, cuando la parte interesada no solicitare la inscripción del derecho mencionado dentro del plazo de un año siguiente al día en que empiece a regir esta Ley, o promoviere, dentro de ese período, demanda en reclamación de su derecho, anotándola en el registro.

   ※   ※   ※   ※   ※   ※   ※

"(*c*) Las inscripciones de fianzas hipotecarias para garantizar el ejercicio de cargos públicos verificadas a favor del Estado, municipio instituciones o funcionarios del gobierno que tuvieren más de veinte (20) años de constituídas, a no ser que, por autoridad competente, se comunicare al registrador en el término de seis (6) meses desde que comenzare a regir esta Ley, que el funcionario a cuyo favor se prestó la fianza está en el ejercicio del mismo o existen reclamaciones pendientes por razón de dicho ejercicio.

   ※   ※   ※   ※   ※   ※   ※

"Sección 2.—Cualquier persona natural o jurídica, que sea dueña de bienes inmuebles sobre los cuales pesen gravámenes hipotecarios que tengan veinte (20) años de vencidos o de constituídos, si no tuvieren vencimiento, podrá presentar a la corte de distrito en que radiquen los bienes o la mayor parte de ellos, una petición solicitando la cancelación de dichas hipotecas, y el juez de dicha corte ordenará la citación del acreedor para que comparezca ante la misma dentro del término de diez (10) días, si la citación se hace en el distrito, de veinte (20) días si se hace fuera del distrito, pero dentro de la Isla, y cuarenta (40) días si se hace fuera de la Isla, a que exponga las razones por las cuales dichas hipotecas no deben ser canceladas.

   ※   ※   ※   ※   ※   ※   ※

"Transcurrido un año desde la vigencia de esta Ley, los registradores, a instancia de las personas interesadas ya indicadas, procederán a la cancelación de las hipotecas referidas en esta sección, sin necesidad de notificación alguna, si no se hubiere acreditado en el registro la interposición de la demanda en cobro de la misma o la de subsistencia de tales gravámenes."

Un año después, Leyes de 1924, página 108, párrafo (*a*), el artículo 1, *supra,* fué enmendado en la forma indicada en el siguiente extracto:

"... . . . Las menciones de censo no se cancelarán de los antiguos o modernos libros del registro cuando la parte interesada solicite la traslación del asiento o mención del derecho mencionado a los modernos libros del registro dentro del plazo de dos años a contar desde el día en que empiece a regir esta Ley o promueva dentro de ese período, demanda en reclamación de su derecho, anotándola en el registro; *Disponiéndose, además,* que . . . ."

El artículo 6 de la Ley Hipotecaria, como fué enmendado en las Leyes de 1923, página 213, dispone que:

"La inscripción de los títulos en el registro podrá pedirse indistintamente:

"Por el que trasmita el derecho;

"Por el que lo adquiera;

"Por quien tenga interés en asegurar el derecho que se deba inscribir;

"Por quien tenga la representación legítima de cualquiera de ellos o por cualquier mandatario verbal de aquellas personas."

Comentando sobre el mismo artículo de la Ley Hipotecaria, Morell, en la página 10 del volumen 2 de sus Comentarios, se expresa así:

"El artículo 6 es aplicable, lo mismo a las inscripciones, que a las anotaciones, cancelaciones y notas.  Todos estos asientos pueden pedirse indistintamente por las personas enumeradas en dicho artículo."

Interpretando los artículos 388 (*a*) y 388 (*b*) a la luz del artículo 6 como ha sido interpretado por Morell, y teniendo muy en cuenta el fin general, espíritu y tendencia de la reciente legislación en los particulares arriba indicados, estamos obligados a convenir con el apelante en que el vendedor en este caso si no es parte dentro del significado de los preceptos estatutorios arriba citados era al menos el representante de una parte por virtud de una estipulación expresa contenida en la escritura de compraventa.

Resulta, pues, que el registrador incurrió en error al negarse a cancelar la mención de un gravamen en garantía de la obligación de una fianza oficial.

[2, 3] Pero no podemos convenir con la segunda proposición sometida por el recurrente, o sea, que era igualmente erróneo:

Estimar que la inscripción de hipoteca a favor de la Parroquia de Caguas, es un gravamen cuya cancelación se regula por la Ley No. 12 aprobada en junio 25 de 1924, y no por el último párrafo del artículo 388 (*b*) de la Ley Hipotecaria."

Sin entrar en detalles bastará con decir que la llamada hipoteca a la cual se hace referencia en la última parte de la calificación que ahora se impugna, tiene todas las características de un censo a diferencia de una hipoteca y que la naturaleza del contrato debe ser determinada por su sentido general y efecto obtenido de acuerdo con sus términos y cláusulas más que por el nombre que se dé al documento por el notario que lo redactó o el registrador que lo inscribió.

El registrador, por tanto, no incurrió en error al calificar el gravamen como un censo. Manresa, tomo XI, edición de 1911, página 34.

También nos inclinamos a convenir con el registrador en que no fué el objeto de la legislatura dar a las meras menciones hechas, ya en los antiguos o en los modernos libros del registro, un privilegio mayor o una categoría superior que la conferida a las amplias, completas y más formales anotaciones envueltas en la inscripción de derechos de propiedad de una clase idéntica a las referidas en tales menciones.

*La nota recurrida en tanto se trata de la capacidad del recurrente como parte o representante de tal parte, con derecho a exigir el remedio por él solicitado, debe ser revocada, y en cuanto a la negativa a cancelar en el registro el gravamen calificado por el registrador como un censo, confirmada.*