JOSÉ LLOMPART, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE SAN JUAN, SECCIÓN SEGUNDA, recurrido.

No. 781.—*Sometido:* Noviembre 4, 1929. *Resuelto:* Nov. 26, 1929.

*Enrique Campillo.* abogado del recurrente; el registrador recurrido no compareció.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

Un abogado solicitó por escrito del Registrador de la Propiedad de San Juan, Sección Segunda, a nombre de José Llompart, que cancelara cierto embargo que está anotado en la finca que reseñó, pero dicho funcionario negó la cancelación solicitada por los dos motivos siguientes: porque la petición se hace a nombre de José Llompart y no de José Rullán que es el dueño de esa finca según el registro: y porque un abogado sólo puede representar a otras personas en los litigios, citando el caso de *Igaravídez* v. *El Registrador,* 16 D.P.R. 689. Contra esa negativa ha sido interpuesto este recurso gubernativo.

Según la sección 1ª de la Ley No. 12 de 29 de agosto de 1923 los registradores de la propiedad a instancia escrita de parte o de su representante, autenticada ante notario, procederán a cancelar en su registro, entre otras cosas, determinadas anotaciones de embargo; y la Ley Hipotecaria dice en su artículo 6, según quedó enmendado por la ley No. 20 de 1923, que la inscripción de los títulos en el registro podrá pedirse por el que trasmita el derecho, por el que lo adquiriera, por el que tenga interés en asegurar el derecho que se deba inscribir, por cualquiera que tenga la representación le-

gítima de cualquiera de ellos o por cualquier mandatario verbal de aquellas personas.

Ese precepto legal fué considerado en el caso de *Chiqués* v. *El Registrador*, 34 D.P.R. 600, en el que declaramos que ese artículo es aplicable lo mismo a las peticiones de inscripción que a las de anotaciones, cancelaciones y notas. Por consiguiente, si cualquier mandatario verbal puede solicitar la cancelación de un embargo a nombre de la persona interesada en ella no vemos razón para que se rechace la solicitud cuando la haga un abogado por escrito, que es algo más que una petición verbal; esto independientemente de si un abogado puede en tal carácter hacer esa petición en el registro a nombre de su cliente, cuestión que por lo dicho no es necesario resolver en este caso. La cita hecha por el registrador del caso de Igaravídez, *supra*, no es de aplicación al presente porque lo que en él se resolvió fué que la facultad concedida por la ley a un abogado para representar a su cliente no lo autoriza para vender sus bienes porque esta relación jurídica se rige por el Código Civil que requiere un mandato expreso para vender a nombre de otro.

Con respecto al otro motivo de la negativa entendemos que el registrador estuvo justificado al negar la cancelación por estar inscrita la finca a favor de persona distinta de José Llompart, según el registro, pues aunque el mismo día que fué presentada la petición de cancelación se presentó también para inscripción, aunque posteriormente, el título de venta de José Rullán a José Llompart, eso no cambiaba la situación jurídica de la finca al ser negada la cancelación, pues estaba aún inscrita a nombre de José Rullán, y la presentación de la venta que hizo no significaba que necesariamente tal enajenación había de ser inscrita.

*Por este último motivo debe ser confirmada la nota recurrida.*